(C.D. 4314)

DURLACHER & CO., INC. *v.* UNITED STATES

Port of New York Court No. 67/3866 on rubber and plastic products

(Dated December 29, 1971)

*Sharretts, Paley, Carter & Blauvelt* (*Charles P. Deem* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Andrew P. Vance*, trial attorney), for the defendant.

RICHARDSON, Judge: Plaintiff moves under Rule 14.7 for an order suspending this action pending the final determination of *United Merchants, Inc. v. United States*, Court No. 70/29939. The motion is not opposed by the defendant.

Plaintiff's motion herein and this action are dismissed for prematurity by reason of the fact that in contravention of 19 U.S.C.A., section 1503(a) (section 503(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953) liquidation of the subject entry was not made upon a *final appraised value*, and as such, is void, liquidation having taken place within 60 days of the date of the appraiser's report. See *United States v. Boston Paper Board Co.*, 23 CCPA 372, T.D. 48233 (1936), and other cases cited in Memorandum to Accompany Order in *Lamb-Weston, Inc. v. United States*, protest 69/38803, C.D. 4301, decided December 1, 1971. It is the duty of the regional commissioner of customs to liquidate the involved entry in the manner provided for by law so that plaintiff may file a valid protest against said entry if it be so advised.